UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| BAYER HEALTHCARE LLC, | X<br>:<br>: |
| Plaintiff, | :<br>: |
| v. | :<br>: Civil Action No.  11-cv-3047-AKH |
| ELI LILLY AND COMPANY, | :<br>: |
| Defendant. | :<br>:<br>X |

**ELI LILLY AND COMPANY'S MEMORANDUM OF LAW IN
SUPPORT OF MOTION TO TRANSFER VENUE PURSUANT TO 28 U.S.C. § 1404(a)**

Dated:   New York, New York         Adam B. Michaels (AM 9120)
         June 27, 2011               PEPPER HAMILTON LLP
                                     The New York Times Building
                                     620 Eighth Avenue
                                     New York, New York 10018-1405
                                     (212) 808-2700

## TABLE OF CONTENTS

Page

INTRODUCTION ................................................................................................................ 1

BACKGROUND ................................................................................................................. 1

ARGUMENT ....................................................................................................................... 3

    I.    The Court Should Transfer This Action to the Southern District of Indiana .......... 3

        A.    This Action Could Have Been Brought in the Southern District of Indiana .................................................................................................... 3

        B.    The Interests of Justice and Issues of Convenience Weigh in Favor of Transfer ....................................................................................... 4

            1.    The Operative Facts Occurred in Indiana. ..................................... 5

            2.    Indianapolis Would Be More Convenient for the Parties and the Witnesses ............................................................................. 7

            3.    The Location of Relevant Documents and Ease of Access to Other Sources of Proof Favor Transfer to Indiana. .................... 8

            4.    The Availability of Compulsory Process Favors Transfer to Indiana ............................................................................................ 9

            5.    Plaintiff's Choice of Forum Should be Given Little Weight. ......... 9

            6.    The Interests of Justice Favor Transfer to Indiana ....................... 10

CONCLUSION ................................................................................................................ 122

# **TABLE OF AUTHORITIES**

**Page(s)**

**CASES**

*(888) Justice, Inc. v. Just Enters. Inc.*, No. 06 CV 6410 (GBD), 2007 U.S. Dist. LEXIS
    61849 (S.D.N.Y. Aug. 22, 2007) ..................................................................................4

*A. Olnick & Sons v. Dempster Bros., Inc.*, 365 F.2d 439 (2d Cir. 1966)......................................10

*Abney v. GE Co.*, 08 Civ. 7344 (WHP), 2009 U.S. Dist. LEXIS 59738 (S.D.N.Y. May 4,
    2009) ..........................................................................................................................4, 9

*Am. Eagle Outfitters, Inc. v. Tala Bros. Corp.*, 457 F. Supp. 2d 474 (S.D.N.Y. 2006)...................5

*Amick v. Am. Express Travel Related Servs. Co.*, No. 09 Civ. 9780 (AKH), 2010 U.S.
    Dist. LEXIS 6483 (S.D.N.Y. Jan. 26, 2010)................................................................3, 6

*Aquatic Amusement Assoc., Ltd. v. Walt Disney World Co.*, 734 F. Supp. 54 (N.D.N.Y.
    1990) ............................................................................................................................8

*Bayer Healthcare LLC v. Merial LLC*, No. 06-2344 CM (D. Kan. 2006) .............................2, 10

*Burstein v. Applied Extrusion Techs., Inc.*, 829 F. Supp. 106 (D. Del. 1992) ................................8

*Butcher v. Gerber Prods. Co.*, No. 98 Civ. 1819 (RWS), 1998 U.S. Dist. LEXIS 11869,
    (S.D.N.Y. Aug. 3, 1998)..............................................................................................7, 8

*Citibank, N.A. v. Affinity Processing Corp.*, 248 F. Supp. 2d 172 (E.D.N.Y. 2003) ......................7

*Hall v. South Orange*, 89 F. Supp. 2d 488 (S.D.N.Y. 2000) ..........................................................6

*Merck Eprova AG v. Brookstone Pharms., LLC*, No. 09 Civ. 9684 (RJS), 2009 U.S. Dist.
    LEXIS 130385 (S.D.N.Y. Dec. 15, 2009) ....................................................................4

*Sheet Metal Workers' Nat'l Pension Fund v. Gallagher*, 669 F. Supp. 88 (S.D.N.Y. 1987)..........6

*Strother v. Harte*, 171 F. Supp. 2d 203 (S.D.N.Y. 2001) ..............................................................9

*Totonelly v. Cardiology Assocs. of Corpus Christi, Inc.*, 932 F. Supp. 621 (S.D.N.Y.
    1996) ............................................................................................................................6

*Treewise the Organic Experts, LPD v. Tishman Speyer PCVST Management, LLC*, No.
    10 Civ. 8847 (BSJ) (FM), 2011 U.S. Dist. LEXIS 52701 (S.D.N.Y. Apr. 14, 2011) ...............9

*Viacom Int'l, Inc. v. Melvin Simon Productions, Inc.*, 774 F. Supp. 858 (S.D.N.Y. 1991).........3, 5

*In re Yasmin & Yaz (Drospirenone) Marketing, Sales Practices & Prods. Liab. Litig.*, No.
    3:09-md-02100-DRF-PMF (S.D. Ill. March 8, 2010) .................................................2

**Page(s)**

*In re Yasmin & Yaz (Drospirenone) Marketing, Sales Practices & Prods. Liab. Litig.*, No. 3:09-md-02100-DRF-PMF, 2011 U.S. Dist. LEXIS 30241 (S.D. Ill. Mar. 22, 2011) ........2, 10

**STATUTES**

*28 U.S.C. § 1391* ..............................................................................................................4

*28 U.S.C. § 1404(a)* ..........................................................................................1, 3, 6, 8, 11

**OTHER AUTHORITIES**

Pursuant to 28 U.S.C. § 1404(a), Defendant Eli Lilly and Company ("Lilly"), by and through counsel, hereby submits this Memorandum in Support of its Motion to Transfer Venue.

## INTRODUCTION

Bayer HealthCare LLC ("Bayer") brings this action for alleged false advertising and unfair competition against Indiana-based Lilly in the Southern District of New York. New York's connections to this lawsuit, however, are tenuous at best, as none of the alleged conduct has any special or substantial connection to New York. Rather, Indiana is the more convenient venue and gravitational center of Plaintiff's claims:

- Bayer is a citizen of Indiana.
- Lilly is a citizen of Indiana.
- The principal events at issue in this litigation occurred in Indiana.
- The principal witnesses and documents relating to those events are located in Indiana.

This case could have been brought in federal court in Indiana, and the interests of justice and issues of convenience weigh in favor of transfer because the Southern District of Indiana has a stronger connection to witnesses, documents, and facts, and will serve to ensure judicial economy and conservation of the parties' resources. *See* 28 U.S.C. § 1404(a).

## BACKGROUND

The Complaint in this action alleges false advertising under Section 43(a) of the Lanham Act, and false advertising and unfair competition under New York law (and other non-specified analogous laws in other states). The crux of Plaintiff's allegations concerns the actions of Elanco, a division of Lilly, that Plaintiff claims "competes directly against Bayer's Animal Health Division in the sale of pet medicines." (Compl. ¶ 1.) Plaintiff asserts that Elanco "embarked on an unlawful campaign to convince distribution agents and veterinarians to stop

selling Bayer's products, ostensibly because Bayer's sale of pet medicines through retail stores is responsible for a decline in profits for veterinarians." (Compl. ¶ 2.) In support of Plaintiff's allegations, Plaintiff primarily focuses on a "Dear Doctor" letter that Elanco allegedly distributed to a "large number of veterinarians nationwide." (Compl. ¶ 21.)

Although Bayer asserts in its Complaint that its principal place of business is in New York, Bayer is an Indiana citizen[1] and its animal health division — which is the Bayer entity allegedly harmed by the challenged conduct — is located in Shawnee, Kansas.[2]

Lilly is an Indiana corporation with its principal place of business in Indianapolis, Indiana. Elanco is an unincorporated <u>division</u> of Lilly that is headquartered in Greenfield, Indiana, which is less than 30 miles east of Indianapolis, Indiana. (Lickliter Decl. ¶ 3, Ex. C; Graves Decl. ¶ 5, Ex. D.)[3] Elanco's administrative functions are all based in Greenfield. (Graves Decl. ¶ 9.) Elanco's Greenfield headquarters are home to, among other things, Elanco's functions relating to sales, marketing, regulatory, sales force administration, sales representative training, compliance and ethics, and legal. (Graves Decl. ¶¶ 10-16.) In addition, the Greenfield headquarters house Elanco's business units associated with Elanco's various products, including the product teams responsible for marketing and strategy. (Graves Decl. ¶¶ 7, 22, 27.)

---

[1] As Bayer explained in a motion to dismiss filed in the Southern District of Illinois, Bayer HealthCare LLC is a limited liability company whose sole member is Bayer Corporation. Bayer Corporation is a corporation organized and existing under the laws of the State of Indiana. Therefore, because the citizenship of a limited liability company for purposes of diversity jurisdiction is the citizenship of its members, "Bayer HealthCare LLC is an Indiana citizen for purposes of diversity jurisdiction." Bayer Defendants' Motion to Dismiss for Lack of Subject Matter Jurisdiction at ¶ 12, 13, *In re Yasmin & Yaz (Drospirenone) Marketing, Sales Practices & Prods. Liab. Litig.*, No. 3:09-md-02100-DRF-PMF (S.D. Ill. March 8, 2010), Ex. A. Based upon Bayer's motion, the court dismissed a number of actions involving Indiana plaintiffs. *See In re Yasmin & Yaz (Drospirenone) Marketing, Sales Practices & Prods. Liab. Litig.*, No. 3:09-md-02100-DRF-PMF, 2011 U.S. Dist. LEXIS 30241 (S.D. Ill. Mar. 22, 2011).

[2] *See* Complaint at ¶1, *Bayer Healthcare LLC v. Merial LLC*, No. 06-2344 CM (D. Kan. 2006), attached as Ex. B.

[3] "Ex. __" refers to the exhibits annexed to the Affidavit of Adam B. Michaels, sworn to June 27, 2011, submitted herewith

Furthermore, all of Elanco's employees who had any input into the Dear Doctor letter referenced in the Complaint live in Indiana.  (Graves Decl. ¶ 25.)  In addition, Elanco maintains records in Indiana such as e-mail, databases, call centers, networks, marketing documentation, including materials distributed to and used by sales representatives, and information regarding the activities of sales representatives, including call notes.  (Graves Decl. ¶¶ 23-24; Lickliter Decl. ¶¶ 7-13.)

## ARGUMENT

### I.     The Court Should Transfer This Action to the Southern District of Indiana.

Pursuant to 28 U.S.C. § 1404(a), "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."  For transfer to be proper, the court must determine (1) whether the action is one that could have been brought in the transferee forum, and (2) whether the convenience of the parties and witnesses and the interest of justice weigh in favor of transfer.  *See Amick v. Am. Express Travel Related Servs. Co.*, No. 09 Civ. 9780 (AKH), 2010 U.S. Dist. LEXIS 6483, *3-4 (S.D.N.Y. Jan. 26, 2010).  In addition, courts consider several factors before deciding to grant a motion to transfer and the "core determination . . . is the center of gravity of the litigation."  *Id.* at *4 (quoting *Viacom Int'l, Inc. v. Melvin Simon Productions, Inc.*, 774 F. Supp. 858, 868 (S.D.N.Y. 1991) (alteration in original)).  When the events occurred and the witnesses are located in another district, courts routinely transfer cases.  *Amick*, 2010 U.S. LEXIS 6483 at *4 (citation omitted).

### A.     This Action Could Have Been Brought in the Southern District of Indiana.

Where, as here, subject matter jurisdiction is based in part on federal question jurisdiction under the Lanham Act, a civil action can be filed in "a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a

substantial part of the events or omissions giving rise to the claim occurred . . . or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought." *(888) Justice, Inc. v. Just Enters. Inc.*, No. 06 CV 6410 (GBD), 2007 U.S. Dist. LEXIS 61849, 16-17 (S.D.N.Y. Aug. 22, 2007) (quoting 28 U.S.C. § 1391(b)).  Lilly is incorporated in Indiana and its principal place of business is in Indianapolis, Indiana.  (Compl. ¶ 5).  As such, Lilly "resides" in the Southern District of Indiana for purposes of personal jurisdiction and venue.  28 U.S.C. § 1391(c) (for venue purposes "a corporation shall be deemed to reside in any judicial district in which it is subject to personal jurisdiction at the time the action is commenced."). In addition, because the principal events occurred in the Southern District of Indiana, where Elanco is located, the action could have been brought there in the first place.  *Merck Eprova AG v. Brookstone Pharms., LLC*, No. 09 Civ. 9684 (RJS), 2009 U.S. Dist. LEXIS 130385, *6 (S.D.N.Y. Dec. 15, 2009) ("Here, because jurisdiction is based on a federal question under the Lanham Act and because some of the events occurred in the Northern District of Georgia, where Brookstone is located, it is undisputed that the action could have been brought there in the first instance.").  Therefore, there can be no dispute that this case could have been brought in the Southern District of Indiana.

   B. <u>The Interests of Justice and Issues of Convenience Weigh in Favor of Transfer.</u>

   The interests of justice and issues of convenience weigh in favor of transferring this case to the Southern District of Indiana. Some of the factors that a district court should consider (none of which is dispositive) include:  (1) the locus of the operative facts; (2) convenience of the parties; (3) the convenience of the witnesses; (4) the location of relevant documents and relative ease of proof; (5) the relative means of the parties; (6) the availability of process to compel attendance of unwilling witnesses; (7) a forum's familiarity with the governing law; (8) the weight accorded to plaintiff's choice of forum; and (9) trial efficiency and

the interests of justice based on the totality of the circumstances. *Abney v. GE Co.*, 08 Civ. 7344 (WHP), 2009 U.S. Dist. LEXIS 59738, *4 (S.D.N.Y. May 4, 2009); *Am. Eagle Outfitters, Inc. v. Tala Bros. Corp.*, 457 F. Supp. 2d 474, 477 (S.D.N.Y. 2006).

### 1. The Operative Facts Occurred in Indiana.

"Courts routinely transfer cases when the principal events occurred and the principal witnesses are located in another district." *Viacom Int'l, Inc. v. Melvin Simon Prod.*, 774 F. Supp. 858, 868 (S.D.N.Y. 1991). These criteria are plainly satisfied here. Elanco is headquartered in Indiana. The allegations in the Complaint relate to events that would have occurred in Indiana, including Elanco's development of the alleged marketing strategy and materials at issue in this case. For example, Plaintiff's Complaint focuses heavily on a Dear Doctor Letter distributed to veterinarians. (Compl. ¶¶ 21-31). The development of this letter, the Elanco employees involved in the drafting of this letter, and the decision to send the letter all occurred in Indiana. (Graves Decl. ¶ 25). The Complaint also alleges Elanco hired twenty-two former Bayer employees and used knowledge from those employees to disrupt Bayer's business relationships. (Compl. ¶ 33). Any hiring or recruiting decisions occurred in Indiana. (Graves Decl. ¶ 27). Further, the Complaint alleges improper conduct by Elanco sales representatives. (Compl. ¶ 34). Any sales representative detailing pieces were created in Indiana, and the training and administration of any sales representatives occurred in Indiana. (Graves Decl. ¶¶ 18-24). Moreover, Elanco documents, e-mail, databases, electronic information, and networks that might contain information related to the allegations in the Complaint are located in Indiana. (Lickliter Decl. ¶¶ 7-13).

By contrast, the only alleged connection between New York and the events at issue here is that Elanco's Dear Doctor Letter was allegedly distributed to a large number of veterinarians nationwide, including in New York. (Compl. ¶ 21). Moreover, to the extent that

Elanco engages in discovery concerning the actions of Bayer, those actions likely occurred at the headquarters of Bayer Animal Health, which is located in Kansas. For example, Plaintiff's Complaint discusses Bayer Animal Health's announcement of its decision to begin selling directly to the pet specialty market. (Compl. ¶ 18). This announcement was issued by "Bayer HealthCare LLC, Animal Health Division, Shawnee Mission, Kansas" and inquiries were directed to the Director of Communications and Public Policy in Shawnee, Kansas. (Bayer News Release dated Feb. 9, 2010, Ex. E).

Finally, to the extent that Plaintiff claims that some operative events occurred in New York (even though no such events are specifically described in the Complaint), transfer "is not precluded where the operative facts have some connection to the initial forum if the transferee district has a ***stronger connection with the operative facts*** raised in the pleading." *Sheet Metal Workers' Nat'l Pension Fund v. Gallagher*, 669 F. Supp. 88, 92-93 (S.D.N.Y. 1987) (emphasis added); *see also Hall v. South Orange*, 89 F. Supp. 2d 488, 494 (S.D.N.Y. 2000) (transferring venue to New Jersey when the "majority of events giving rise to the federal claims occurred in New Jersey and the bulk of discovery would have to occur there").

Therefore, with its stronger connection to operative facts, the Southern District of Indiana is the logical "center of gravity of the litigation." *Amick*, 2010 U.S. Dist. LEXIS 6483 at *5 ("Transfer is also appropriate because 'the center of gravity of the litigation' is in Greensboro, North Carolina."); *Totonelly v. Cardiology Assocs. of Corpus Christi, Inc.*, 932 F. Supp. 621, 623 (S.D.N.Y. 1996) ("The core determination under § 1404(a) is the center of gravity of the litigation. . . . Courts routinely transfer cases where the principal events occurred, and the principal witnesses are located in another district.").

## 2. Indianapolis Would Be More Convenient for the Parties and the Witnesses.

Given that the operative facts from which this dispute arises occurred in the Southern District of Indiana, the convenience of the parties and the witnesses would be served by transferring this case to the Southern District of Indiana. The primary allegations at issue in this case relate to Elanco's alleged marketing campaign. There are no witnesses in New York who were involved in the development or strategy of any such alleged campaign. All of Elanco's witnesses reside within the Southern District of Indiana — namely, employees of Elanco who are familiar with Elanco's correspondence and communications with sales representatives, who develop Elanco's marketing materials, and who create mailings and communications to veterinarians. (Graves Decl. ¶¶ 6, 20-22). It would be more convenient for these individuals to testify in Indianapolis, Indiana where they live and work than it would be for them to travel to New York. A New York forum would likely require Indiana witnesses to travel overnight to New York to attend potential hearings and a lengthy trial, which would disrupt their personal schedules. *See Butcher v. Gerber Prods. Co.*, No. 98 Civ. 1819 (RWS), 1998 U.S. Dist. LEXIS 11869, *15 (S.D.N.Y. Aug. 3, 1998) (in transferring action from New York to Michigan, where defendants' witnesses and executives lived, the court noted "it is more convenient for the witnesses living in or near Michigan to testify there.").

In contrast to Elanco's employees who are potential witnesses, Elanco is not aware of any material witness from Bayer Animal Health who is located in New York. Bayer Animal Health is located in Shawnee, Kansas, which is located about 500 miles away from Indianapolis, Indiana and over 1,200 miles away from New York. Thus, even the convenience of non-Indiana witnesses (i.e., employees of Bayer Animal Health) favors transfer. *Citibank, N.A. v. Affinity Processing Corp.*, 248 F. Supp. 2d 172, 177 (E.D.N.Y. 2003) (convenience of witnesses favored transfer because more potential witnesses resided outside of plaintiff's choice

-7-

of forum). To the extent that Plaintiff argues that Bayer's principal offices are located in New York, Bayer HealthCare LLC has little, if anything, to do with the dispute here and therefore, does not change the fact that Indiana would provide a more convenient forum. *Butcher*, 1998 U.S. Dist. LEXIS 11869 at *15 ("The location of Gerber's subsidiary and parent, each of which have nothing to do with the present action, does little to diminish Gerber's assertion that Michigan would provide a more convenient forum.")

### 3. The Location of Relevant Documents and Ease of Access to Other Sources of Proof Favor Transfer to Indiana.

The location of relevant documents, which is "clearly an important consideration in motions to transfer pursuant to 28 U.S.C. § 1404(a)," similarly favors transfer to Indiana. *See Aquatic Amusement Assoc., Ltd. v. Walt Disney World Co.*, 734 F. Supp. 54, 58 (N.D.N.Y. 1990) ("Defendant maintains that the relative ease of access to evidence is a factor which weighs in favor of transferring this action to the Middle District of Florida. This factor is clearly an important consideration in motions to transfer pursuant to 28 U.S.C. § 1404(a).") Elanco maintains most of the relevant documents at its headquarters in Greenfield, Indiana. (Lickliter Decl. ¶¶ 6-13). For example, Elanco keeps documents relating to sales representative training, sales representative activities (e.g., call notes), detailing pieces, Dear Doctor letters and mass communications with veterinarians, and marketing materials in Indiana. (Graves Decl. ¶ 24). Moreover, all documents, e-mail, databases, electronic information, and networks are also located in Indiana. (Lickliter Decl. ¶¶ 7-13). Whatever records exist concerning the challenged conduct are located in Indiana, where the key decisions were made. Thus, "transfer will facilitate access to the relevant documents and records." *Butcher*, 1998 U.S. Dist. LEXIS 11869 at *15. By contrast, few, if any, relevant documents are maintained in New York.

### 4. The Availability of Compulsory Process Favors Transfer to Indiana.

Almost all Elanco employees with relevant information to Plaintiff's claims live outside New York, and the majority live in Indiana. Regardless of whether Lilly could compel these witnesses to travel to New York, courts deem compulsory process unfavorably. *See Burstein v. Applied Extrusion Techs., Inc.*, 829 F. Supp. 106, 113 (D. Del. 1992) (although many witnesses were defendant's employees and it could "compel their attendance at trial without the Court's assistance . . . the interests of justice would be better served by transferring the action to the [district] where their attendance could be assured, not merely presumed.").

### 5. Plaintiff's Choice of Forum Should be Given Little Weight.

While the Plaintiff's choice of forum is ordinarily a factor to be considered, Bayer's decision to bring an action in the Southern District of New York is accorded less weight where Bayer is not a citizen of New York and the principal facts giving rise to Plaintiff's claims occurred outside New York. *Abney*, 2009 U.S. Dist. LEXIS 59738 at *10-11 ("While Plaintiffs have chosen this district, they do not reside here. In addition, the action is minimally, if at all, connected to the Southern District of New York. While GE may be located in this district, none of the witnesses are here and none of the events occurred in New York. Accordingly, the factor weighs minimally in favor of retention of the case in this district.").

Lilly and Elanco are both headquartered in the Southern District of Indiana. The sales and marketing decisions surrounding the challenged conduct asserted in the Complaint occurred in the Southern District of Indiana. (Graves Decl. ¶ 27). And any evidence in this case, which involves an alleged nationwide marketing campaign, is likely located in the Southern District of Indiana.

In addition, Bayer is not a citizen of New York. Rather, because Bayer is a limited liability company, Bayer's citizenship is determined by that of its members. *See Strother*

-9-

*v. Harte*, 171 F. Supp. 2d 203, 205 (S.D.N.Y. 2001) ("For purposes of diversity jurisdiction, a limited liability company has the citizenship of each of its members."); *Treewise the Organic Experts, LPD v. Tishman Speyer PCVST Management, LLC*, No. 10 Civ. 8847 (BSJ) (FM), 2011 U.S. Dist. LEXIS 52701, *2 (S.D.N.Y. Apr. 14, 2011). Bayer HealthCare LLC's sole member is Bayer Corporation, which is a corporation organized under the laws of the State of Indiana with its principal place of business in Pennsylvania. *See In re Yasmin & Yaz (Drospirenone) Marketing, Sales Practices & Prods. Liab. Litig.*, No. 3:09-md-02100-DRF-PMF, 2011 U.S. Dist. LEXIS 30241, *8 (S.D. Ill. Mar. 22, 2011). Therefore, Bayer is an Indiana and Pennsylvania citizen. *Id.* Moreover, this action relates to the alleged conduct of Elanco against Bayer Animal Health, which is headquartered outside of New York in Shawnee, Kansas. *See* Compl. at ¶1; *Bayer Healthcare LLC v. Merial LLC*, No. 06-2344 CM (D. Kan. 2006) Ex. B

Ultimately, the site of the alleged conduct giving rise to Plaintiff's Complaint is in the Southern District of Indiana and while Bayer HealthCare LLC's principal place of business may be in New York, Bayer HealthCare LLC is not a citizen of New York and its animal health division — which is the Bayer entity involved in the allegations in Plaintiff's Complaint — is not located in New York. Thus, Plaintiff's choice of forum is entitled to diminished weight.

### 6. The Interests of Justice Favor Transfer to Indiana.

As a final factor,[4] courts may consider trial efficiency and relative docket conditions of the transferor and transferee courts in considering a motion to transfer. *A. Olnick & Sons v. Dempster Bros., Inc.*, 365 F.2d 439, 445 (2d Cir. 1966). According to statistics issued by the Administrative Office of the United States Courts, as of September 30, 2010, there were 23,295 civil cases pending in the Southern District of New York and 44.3 percent of those had

---

[4] Two other factors are neutral in this analysis: (1) the relative means of the parties, and (2) a forum's familiarity with the governing law.

been pending for 3 or more years.  (Table C-6, U.S. District Courts—Civil Cases Pending, by District and Length of Time Pending, as of September 30, 2010, available at http://www.uscourts.gov/Statistics/JudicialBusiness/JudicialBusiness2010.aspx, Ex. F).  In contrast, the Southern District of Indiana has 4,721 civil cases pending as of September 30, 2010 and only 1.2 percent of those had been pending for 3 or more years.  (*Id.*)  Given its appreciably smaller caseload, the time to disposition appears to be faster in the South District of Indiana.  According to the Administrative Office's statistics, the median time interval from filing to disposition of civil cases during the twelve-month period ending September 30, 2010 was 8.1 months in the Southern District of New York compared to 5.8 months in the Southern District of Indiana.  (Table C-5, U.S. District Courts—Median Time Intervals from Filing to Disposition of Civil Cases Terminated, by District and Method of Disposition, During the 12-Month Period Ending September 30, 2010, available at http://www.uscourts.gov/Statistics/JudicialBusiness/JudicialBusiness2010.aspx, Ex. G).  These calendar and congestion statistics relate to the overall concern of reaching a final disposition in an expeditious and less expensive manner; therefore, these statistics favor transfer to the Southern District of Indiana.

## CONCLUSION

Courts may transfer civil actions "for the convenience of parties and witnesses, in the interest of justice." 28 U.S.C. § 1404(a).  With its stronger connection to witnesses, documents, and operative events, and the administrative difficulties of court congestion, Indiana is the more convenient forum for Plaintiff's claims.  Accordingly, this case should be transferred to the Southern District of Indiana.

Dated: New York, New York    Respectfully submitted,
       June 27, 2011

                                        /s/ Adam B. Michaels
                                        Adam B. Michaels (AM 9120)
                                        PEPPER HAMILTON LLP
                                        The New York Times Building
                                        620 Eighth Avenue
                                        New York, New York 10018-1405
                                        (212) 808-2700