UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X
                                                 :

BAYER HEALTHCARE LLC,

               Plaintiff,

          v.                               11 Civ. 3047 (AKH)
                                                  ECF CASE
ELI LILLY AND COMPANY,

               Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X


**BAYER HEALTHCARE LLC'S
MEMORANDUM OF LAW IN OPPOSITION
TO ELI LILLY AND COMPANY'S MOTION TO
TRANSFER VENUE PURSUANT TO 28 U.S.C. § 1404(a)**


        David H. Bernstein (dhbernstein@debevoise.com)
        Michael Schaper (mschaper@debevoise.com)
        Christopher J. Hamilton (cjhamilton@debevoise.com)
        Stephanie Brannen (sbrannen@debevoise.com)
        DEBEVOISE & PLIMPTON LLP
        919 Third Avenue
        New York, New York 10022
        (212) 909-6696 (telephone)
        (212) 521-7696 (facsimile)

        *Attorneys for Plaintiff Bayer HealthCare LLC*

Dated: New York, New York
       July 21, 2011

## **TABLE OF CONTENTS**

Page

Preliminary Statement ..................................................................................................................1

Background ...................................................................................................................................2

Argument .......................................................................................................................................3

I.     Venue Is Proper in This District. ....................................................................................3

II.    Venue Should Not Be Transferred Because The Balance of Convenience and Fairness Supports Bayer's Choice of Forum. ...................................................3

    A.     Bayer's Choice of Forum is Entitled to Great Weight.................................4

    B.     The Locus of Operative Facts Is in the Southern District of New York. ..............................................................................................................7

    C.     Lilly Has Not Shown That Indiana Would Be More Convenient Than New York. ............................................................................................9

        1.     Witnesses ...........................................................................................9

        2.     Documents ......................................................................................11

        3.     Parties..............................................................................................11

    D.     This Court Is Well Equipped to Handle This Case....................................12

Conclusion ..................................................................................................................................14

Declaration of Kent Luther

    Exhibit 1: Eli Lilly and Company's 2010 Form 10-K

# **TABLE OF AUTHORITIES**

**CASES**

*Abney v. Gen. Electric Co.*, 08 Civ. 7344 (WHP), 2009 U.S. Dist. LEXIS 59738
  (S.D.N.Y. May 4, 2009)...................................................................................................5, 6

*Adams v. Key Tronic Corp.*, 94 Civ. 535 (MBM), 1996 U.S. Dist. LEXIS 12114
  (S.D.N.Y. Aug. 14, 1996) ....................................................................................................13

*Am. Eagle Outfitters, Inc. v. Tala Bros. Corp.*, 457 F. Supp. 2d 474
  (S.D.N.Y. 2006)..............................................................................................................4, 6, 7

*Amick v. Am. Express Travel Related Servs. Co.*, 09 Civ. 9780 (AKH), 2010 U.S. Dist.
  LEXIS 6483 (S.D.N.Y. Jan. 26, 2010) .....................................................................................6

*Aquatic Amusement Assocs., Ltd. v. Walt Disney World Co.*, 734 F. Supp. 54, 59
  (N.D.N.Y. 1990) .......................................................................................................................6

*Atl. Recording Corp. v. BCD Music Grp., Inc.*, 08 Civ. 5201 (WHP), 2009 U.S. Dist.
  LEXIS 45815 (S.D.N.Y. May 7, 2009) ................................................................................5, 9

*Blue Bell, Inc. v. Jaymar-Ruby, Inc.*, 311 F. Supp. 942 (S.D.N.Y. 1969) ......................................12

*Burstein v. Applied Extrusion Techs., Inc.*, 829 F. Supp. 106 (D. Del. 1992) .................................6

*Butcher v. Gerber Prods. Co.*, No. 98 Civ. 1819 (RWS), 1998 U.S. Dist. LEXIS 11869
  (S.D.N.Y. Aug. 3, 1998) ..........................................................................................................6

*Cavu Releasing, LLC v. Fries*, 419 F. Supp. 2d 388 (S.D.N.Y. 2005) ............................................3

*D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95 (2d Cir. 2006)...........................................................4

*Day Vill. Ltd. P'ship v. CW Capital L.L.C.*, No. 06 Civ. 3424 (LTS) (HBP), 2006 U.S.
  Dist. LEXIS 63715 (S.D.N.Y. Sept. 6, 2006).........................................................................3

*Ducatel v. Manspeizer*, 08-CV-4219 (JG) (VVP), 2009 U.S. Dist. LEXIS 20314
  (E.D.N.Y. Mar. 13, 2009) .......................................................................................................8

*ESPN, Inc. v. Quiksilver, Inc.*, 581 F. Supp. 2d 542 (S.D.N.Y. 2008) ..................................7, 9, 11

*Farberware Licensing Co. v. Meyer Mktg. Co.*, 09 Civ. 2570 (HB), 2009 U.S. Dist.
  LEXIS 40782 (S.D.N.Y. May 14, 2009) ..........................................................................11, 12

*Filmline (Cross-Country) Prods., Inc. v. United Artists Corp.*, 865 F.2d 513 (2d Cir.1989)..........4

*Ford Motor Co. v. Ryan*, 182 F.2d 329 (2d Cir. 1950)...................................................................4

*Gen. Electric Capital Corp. v. Titan Aviation, LLC*, No. 06 Civ. 4795 (LTS)(FM), 2007
   U.S. Dist. LEXIS 3230 (S.D.N.Y. Jan. 16, 2007) ................................................................10

*Hall v. South Orange*, 89 F. Supp. 2d 488 (S.D.N.Y. 2000) ............................................................6

*Hawley v. Accor N. Am., Inc.*, 552 F. Supp. 2d 256 (D. Conn. 2008) ............................................11

*Hershman v. UnumProvident Corp.*, 658 F. Supp. 2d 598 (S.D.N.Y. 2007) .............................. 3, 4

*In re Connetics*, 06 Civ. 11496 (SWK), 2007 U.S. Dist. LEXIS 38480
   (S.D.N.Y. May 23, 2007) ..................................................................................................12

*Janbay v. Canadian Solar, Inc.*, 272 F.R.D. 113 (S.D.N.Y. 2010) .................................................12

*Kelly v. MD Buyline, Inc.*, 2 F. Supp. 2d 420 (S.D.N.Y. 1998) ......................................................13

*Kiss My Face Corp. v. Bunting*, 02 Civ. 2645 (RCC), 2003 U.S. Dist. LEXIS 17096
   (S.D.N.Y. Sept. 29, 2003) ................................................................................................7, 8

*Knipe v. Skinner*, 999 F.2d 708 (2d Cir. 1993) ..............................................................................10

*Kvetan v. Employers Contract Servs. of Miami*, 95 Civ. 10135 (LAP), 1996 U.S. Dist.
   LEXIS 9298 (S.D.N.Y. July 3, 1996) ................................................................................13

*Linzer v. EMI Blackwood Music, Inc.*, 904 F. Supp. 207 (S.D.N.Y. 1995) .....................................3

*Local Union No. 3 Int'l Union Brotherhood of Elec. Workers v. Gen. Electric Int'l, Inc.*,
   10 CV 7319 (BSJ), 2011 U.S. Dist. LEXIS 51914 (S.D.N.Y. May 9, 2011) .....................8

*MAK Mktg., Inc. v. Kalapos*, 620 F. Supp. 2d 295 (D. Conn. 2009) .......................................10, 11

*Matera v. Native Eyewear, Inc.*, 355 F. Supp. 2d 680 (E.D.N.Y. 2005) ........................................10

*McKinley v. Cont'l Airlines, Inc.*, 07 CV 1546 (JG), 2007 U.S. Dist. LEXIS 63881
   (E.D.N.Y. Aug. 29, 2007) ...................................................................................................8

*Medisim Ltd v. BestMed LLC*, 10 Civ. 2463 (SAS), 2010 U.S. Dist. LEXIS 67413
   (S.D.N.Y. July 7, 2010) .................................................................................................7, 11

*NBA Props., Inc. v. Salvino, Inc.*, 99 Civ. 11799 (AGS), 2000 U.S. Dist. LEXIS 3799
   (S.D.N.Y. Mar. 27, 2000) .......................................................................................5, 10, 12

*Ontel Prods., Inc. v. Project Strategies Corp.*, 899 F. Supp. 1144 (S.D.N.Y. 1995) ......................8

*Orb Factory, Ltd. v. Design Science Toys, Ltd.*, 6 F. Supp. 2d 203 (S.D.N.Y. 1998) ...................10

*Piper Aircraft Co. v. Reyno*, 454 U.S. 235 (1981) ..........................................................................4

*Sembos v. Philips Components*, 376 F.3d 696 (7th Cir. 2004) ........................................................6

*Sheet Metal Workers' Nat'l Pension Fund v. Gallagher*, 669 F. Supp. 88 (S.D.N.Y. 1987)..........6

*Student Advantage, Inc. v. Int'l Student Exchange Cards, Inc.*, 00 Civ. 1971 (AGS), 2000
    U.S. Dist. LEXIS 13138 (S.D.N.Y. Sept. 12, 2000)..............................................7, 8, 9, 10, 12

*TouchTunes Music Corp. v. Rowe Int'l Corp.*, 676 F. Supp. 2d 169
    (S.D.N.Y. 2009) .....................................................................................................4, 5, 10

**STATUTES**

28 U.S.C. § 1391(b)(1) (2006)........................................................................................................3

28 U.S.C. § 1391(c) .......................................................................................................................3

28 U.S.C. § 1404(a) ...................................................................................................................3, 10

**OTHER AUTHORITIES**

Fed. R. Civ. P. 12(h)(1).................................................................................................................3

iv

Plaintiff Bayer HealthCare LLC ("Bayer") submits this memorandum in opposition to the motion of defendant Eli Lilly and Company ("Lilly") to transfer venue.

## Preliminary Statement

Bayer chose this forum because its principal place of business is located in this District, because Lilly does business in this District, because Lilly's false advertising and unfair competition allegedly has occurred in this District, and because Lilly allegedly has caused injury to Bayer in this District. Notwithstanding those valid bases for venue, Lilly seeks to transfer this case to the Southern District of Indiana, where its own principal place of business is located. Although Lilly's preference to litigate in its own home state is understandable, Lilly cannot meet its heavy burden to show that this case should be transferred.

Bayer's decision to file this suit in its home forum is entitled to great weight. Lilly's principal arguments that transfer is nevertheless appropriate rest on two misstatements of the law of venue. First, because Bayer's parent company is incorporated in Indiana, Lilly argues that Bayer is in fact a "citizen" of Indiana, not New York, and this "citizenship" shows that Bayer's choice of forum deserves little weight. Not only is that "citizenship" analysis improper (since it is based on cases involving diversity jurisdiction, not motions to transfer venue), but in any event, it is the location of a party's principal place of business that is most relevant in this context, not its "citizenship." Second, Lilly misstates the law with respect to the facts that determine venue in a false advertising and unfair competition case. As a matter of law, the key fact is the location of the acts of false advertising and unfair competition, not (as Lilly suggests) the state in which the false statements were developed and prepared.

1

Lilly's other arguments similarly fall flat. Many likely witnesses (including third party witnesses) are located outside Indiana, including some in New York and others who travel here frequently. The convenience of the parties is a wash – this District is more convenient for Bayer, while Lilly prefers the Southern District of Indiana – but that does not support transfer out of Bayer's chosen forum. Lilly's vast resources enable it to litigate effectively here. And, this Court is able to effectively and efficiently handle this litigation. These factors all warrant keeping this case in this District.

**Background**

Bayer HealthCare LLC is a limited liability company having its principal place of business in Tarrytown, New York (which is located within the Southern District of New York). Compl. ¶ 4; Declaration of Kent Luther ("Luther Decl.") ¶ 2. Bayer has a number of unincorporated divisions which help run different parts of its business, such as the animal health, consumer care and medical care divisions. Luther Decl. ¶ 3. Although the animal health division is based in Kansas, a number of the division's administrative functions are run from Bayer's Tarrytown headquarters, including its Accounting, Communications, Compliance, Human Resources, and Law and Patents groups. *Id.* ¶ 2. Bayer's Board of Directors regularly meets in Tarrytown. *Id.*

Bayer brought its Complaint against Lilly on May 4, 2011 for false advertising and unfair competition under federal and state law, including New York State law. Compl. ¶¶ 36-47. The allegations in the Complaint focus on Lilly's unlawful campaign to convince veterinarians to stop doing business with Bayer based on misrepresentations, including that Bayer is responsible for a decline in veterinarians' profits. Bayer alleges that Lilly has conducted this campaign

2

nationwide, including in New York. *Id.* ¶¶ 7-8. Among other things, Bayer alleges that Lilly has distributed a false and misleading "Dear Doctor" letter to veterinarians nationwide, including veterinarians in this District. *Id.* ¶¶ 8, 21; Luther Decl. ¶ 11.

Lilly is a corporation with its principal place of business in Indianapolis, Indiana. Compl. ¶ 5.

## Argument

**I.     Venue Is Proper in This District.**

As a threshold matter, venue is appropriate in this District because Lilly "resides" in the Southern District of New York. Lilly does not dispute this fact. "A civil action wherein jurisdiction is not founded solely on diversity of citizenship may, except as otherwise provided by law, be brought only in . . . a judicial district where any defendant resides, if all defendants reside in the same State . . . ." 28 U.S.C. § 1391(b)(1) (2006). Lilly resides in this District because it is subject to personal jurisdiction here. *Id.* § 1391(c) ("For purposes of venue . . . a defendant that is a corporation shall be deemed to reside in any judicial district in which it is subject to personal jurisdiction at the time the action is commenced.").[1]

**II.    Venue Should Not Be Transferred Because The Balance of Convenience and Fairness Supports Bayer's Choice of Forum.**

A defendant seeking transfer under 28 U.S.C. § 1404(a) must make "'a clear and convincing showing that the balance of convenience favors defendants' choice.'" *Cavu Releasing, LLC v. Fries*, 419 F. Supp. 2d 388, 394 (S.D.N.Y. 2005) (quoting *Linzer v. EMI*

---

[1] Lilly does not dispute in its Answer that it is subject to personal jurisdiction in this District. It therefore has waived any ability to assert a lack of personal jurisdiction. Fed. R. Civ. P. 12(h)(1). That waiver is sufficient to establish that venue is appropriate in this District. *See Day Vill. Ltd. P'ship v. CW Capital L.L.C.*, No. 06 Civ. 3424 (LTS) (HBP), 2006 U.S. Dist. LEXIS 63715, at *7 (S.D.N.Y. Sept. 6, 2006).

*Blackwood Music, Inc.*, 904 F. Supp. 207, 216 (S.D.N.Y. 1995)); *accord*, *Hershman v. UnumProvident Corp.*, 658 F. Supp. 2d 598, 600 (S.D.N.Y. 2007); *see also Filmline (Cross-Country) Prods., Inc. v. United Artists Corp.*, 865 F.2d 513, 521 (2d Cir. 1989) (defendant has the "'burden of making out a strong case for a transfer'" (quoting *Ford Motor Co. v. Ryan*, 182 F.2d 329, 330 (2d Cir. 1950))). In determining "the balance of convenience," courts in the Second Circuit routinely consider the following factors:

> (1) the locus of the operative facts; (2) convenience of the parties; (3) the convenience of the witnesses; (4) the location of relevant documents and relative ease of proof; (5) the relative means of the parties; (6) the availability of process to compel attendance of unwilling witnesses; (7) a forum's familiarity with the governing law; (8) the weight accorded to plaintiff's choice of forum; and (9) trial efficiency and the interests of justice based on the totality of the circumstances.

*Am. Eagle Outfitters, Inc. v. Tala Bros. Corp.*, 457 F. Supp. 2d 474, 477 (S.D.N.Y. 2006). Application of those factors to this case compels denial of Lilly's motion to transfer venue.

### A. Bayer's Choice of Forum is Entitled to Great Weight.

A plaintiff's choice of forum is "a decision that is given great weight." *D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 107 (2d Cir. 2006) (citing *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 255 (1981)). "This is especially true where plaintiff's chosen forum is its principal place of business." *TouchTunes Music Corp. v. Rowe Int'l Corp.*, 676 F. Supp. 2d 169, 173 (S.D.N.Y. 2009).

As noted above, Bayer's principal place of business is in this District. Compl. ¶ 4; Luther Decl. ¶ 2. Moreover, Bayer does a significant amount of business in New York: 6.9% of Bayer's sales to the veterinary market of flea and tick preventatives were to veterinarians in New York, representing more than $5 million in the first six months of 2011. *Id.* ¶ 4. By comparison,

4

Indiana (Lilly's preferred venue) accounted for only 1.7% of such sales, or $1.3 million, in the same period. *Id.* Bayer's decision to sue in this District thus deserves special weight in the Court's analysis.

Lilly tries to overcome the normal deference due to plaintiff's choice of forum by arguing that Bayer is a "citizen" of Indiana, not New York, and therefore its choice of forum deserves little weight. In support of its argument, Lilly draws on the concept of "citizenship" from cases on diversity jurisdiction. Lilly Mem. 2 & n.1, 9-10. However, a party's "citizenship" for diversity purposes is irrelevant to the question of whether venue should be transferred. Rather, in giving weight to plaintiff's choice of forum, courts in this District have routinely focused on a plaintiff's principal place of business, not its "citizenship." *E.g.*, *TouchTunes*, 676 F. Supp. 2d at 173; *Atl. Recording Corp. v. BCD Music Grp., Inc.*, 08 Civ. 5201 (WHP), 2009 U.S. Dist. LEXIS 45815, at *18-19 (S.D.N.Y. May 7, 2009); *NBA Props., Inc. v. Salvino, Inc.*, 99 Civ. 11799 (AGS), 2000 U.S. Dist. LEXIS 3799, at *27 (S.D.N.Y. Mar. 27, 2000) (according "more than usual deference" because "plaintiff's chosen forum, New York, is where plaintiff's principal place of business is located").

Further highlighting the weakness of Lilly's argument is that it does not cite ***any*** case that finds that a party's "citizenship" for purposes of diversity jurisdiction is a relevant consideration on a motion to transfer venue. The only venue decision it cites in support of its argument does not in fact use the term "citizen"; instead, that case relied on the fact that the plaintiffs (who were individuals, not companies) did not reside in New York. *Abney v. Gen. Electric Co.*, 08 Civ. 7344 (WHP), 2009 U.S. Dist. LEXIS 59738, at *10 (S.D.N.Y. May 4, 2009).

Lilly also argues, without any cited legal support, that Bayer's choice of forum is entitled to little weight because Bayer's unincorporated animal health division is based in Kansas, and

5

that the Kansas-based animal health division is the entity that was "allegedly harmed" by Lilly's misconduct. Lilly Mem. 2, 10. That argument is wrong because it fails to recognize that an unincorporated division is not a separate, cognizable entity – it has no independent legal standing and cannot be a party to a lawsuit. *Sembos v. Philips Components*, 376 F.3d 696, 699 n.1 (7th Cir. 2004). Rather, the only juridical party is Bayer itself, which has its principal place of business in New York. Bayer is thus the only "entity" permitted under the law to file suit, is the "entity" that suffered harm, and is the "entity" that is entitled to relief.

The other cases cited by Lilly are similarly unavailing. In most of the cases, the plaintiff either was not in any way based in the forum district,[2] or the lawsuit was a class action in which "little weight is given to the plaintiffs' choice," *Butcher v. Gerber Prods. Co.*, 98 Civ. 1819 (RWS), 1998 U.S. Dist. LEXIS 11869, at *25-26 (S.D.N.Y. July 29, 1998), or both, *Burstein v. Applied Extrusion Techs., Inc.*, 829 F. Supp. 106, 110-11 (D. Del. 1992). Those cases are inapplicable here because this District is in fact Bayer's home forum. In other cases cited by Lilly, courts actually ***denied transfer*** due to the weight accorded to plaintiff's choice of forum, despite other factors favoring transfer. *Am. Eagle Outfitters*, 457 F. Supp. 2d at 478-80; *Aquatic Amusement Assocs., Ltd. v. Walt Disney World Co.*, 734 F. Supp. 54, 60 (N.D.N.Y. 1990). In short, Bayer's choice of this forum, which is the forum in which it has its principal place of business, is entitled to great weight.

---

[2] *Amick v. Am. Express Travel Related Servs. Co.*, 09 Civ. 9780 (AKH), 2010 U.S. Dist. LEXIS 6483, at *5 (S.D.N.Y. Jan. 26, 2010) (individual plaintiff was North Carolina resident); *Abney v. Gen. Electric Co.*, 08 Civ. 7344 (WHP), 2009 U.S. Dist. LEXIS 59738, at *10-11 (S.D.N.Y. May 4, 2009) (individual plaintiffs were Alabama or Florida residents); *Hall v. South Orange*, 89 F. Supp. 2d 488, 494 (S.D.N.Y. 2000) (individual plaintiff resided in Eastern District of New York); *Sheet Metal Workers' Nat'l Pension Fund v. Gallagher*, 669 F. Supp. 88, 92 (S.D.N.Y. 1987) (plaintiffs had New Jersey or Virginia addresses).

### B.     The Locus of Operative Facts Is in the Southern District of New York.

To overcome the great weight accorded to Bayer's choice of its home forum, Lilly has the burden of showing why the other factors nonetheless make transfer appropriate. Lilly has not met that burden here.

As noted above, one of the factors regularly considered by courts in deciding transfer motions is "the locus of operative facts." *Am. Eagle Outfitters*, 457 F. Supp. 2d at 477. Lilly argues that the operative facts took place in Indiana because that is where Lilly made the strategic decisions behind its allegedly deceptive campaign. Lilly Mem. 5. That fact, even if true, does not justify transfer. The key issue is not where Lilly hatched its plot to unfairly compete against Bayer, but rather where Lilly is alleged to have disseminated its false statements and implemented its unfair competition. As the court held in *Student Advantage, Inc. v. Int'l Student Exchange Cards, Inc.*, " the locus of the operative facts is in the initial forum if the acts of unfair competition and the false statements occur in that forum." 00 Civ. 1971 (AGS), 2000 U.S. Dist. LEXIS 13138, at *21-22 (S.D.N.Y. Sept. 12, 2000) (finding locus of operative facts based on "the allegation . . . that ISEC makes false statements and competes unfairly in selling its discount cards in this District"); *see also Medisim Ltd v. BestMed LLC*, 10 Civ. 2463 (SAS), 2010 U.S. Dist. LEXIS 67413, at *13 (S.D.N.Y. July 7, 2010) (because plaintiff alleged unfair competition and false advertising, locus was in initially chosen forum, where unfair competition had occurred); *Kiss My Face Corp. v. Bunting*, 02 Civ. 2645 (RCC), 2003 U.S. Dist. LEXIS 17096, at *8-10 (S.D.N.Y. Sept. 29, 2003) (locus of operative facts for unfair competition and trademark infringement claims was in the initially chosen forum because defendant sold infringing products there, not in the state where the infringing products were manufactured); *ESPN, Inc. v. Quiksilver, Inc.*, 581 F. Supp. 2d 542, 549 (S.D.N.Y. 2008) ("[A]n argument

7

regarding where alleged infringing trademarks were developed, designed, marketed or sold is simply not germane in regard to the locus of operative facts . . . . [The locus of facts] 'turn[s] on whether infringement, dilution, or unfair competition have occurred in the transferor forum.'") (quoting *Kiss My Face*, 2003 U.S. Dist. LEXIS 17096, at *8)); *Ontel Prods., Inc. v. Project Strategies Corp.*, 899 F. Supp. 1144, 1154 (S.D.N.Y. 1995) (plaintiff's choice of forum entitled to substantial weight because allegedly inaccurate statements and false advertising occurred in New York). That is true even if acts of unfair competition and false advertising also occurred in other jurisdictions. *Student Advantage*, 2000 U.S. Dist. LEXIS 13138, at *22 ("The locus of operative facts is thus in this District, even if . . . [defendant] sells its [unfairly competing] discount cards elsewhere.").

Bayer's claims in this case are that Lilly distributed false advertisements to veterinarians, including in this District, and committed acts of unfair competition, including in this District.[3] Compl. ¶¶ 3, 21. Bayer also has lost sales in this District since Lilly began its campaign of false advertising and unfair competition. Since March 2010, Bayer has lost 96 veterinary accounts in New York, including 13 accounts in this District. Luther Decl. ¶ 5. Not only has Lilly engaged in alleged wrongful acts in this District, but it also has caused harm to Bayer in this District, which demonstrates that the locus of operative facts is in this District. This factor thus favors denial of Lilly's motion to transfer venue.

---

[3]  Courts in this Circuit assume the allegations of a complaint to be true when deciding motions to transfer venue. *Local Union No. 3 Int'l Union Brotherhood of Elec. Workers v. Gen. Electric Int'l, Inc.*, 10 CV. 7319 (BSJ), 2011 U.S. Dist. LEXIS 51914, at *1 n.1 (S.D.N.Y. May 9, 2011); *Ducatel v. Manspeizer*, 08-CV-4219 (JG) (VVP), 2009 U.S. Dist. LEXIS 20314, at *1 (E.D.N.Y. Mar. 13, 2009); *McKinley v. Cont'l Airlines, Inc.*, 07 CV 1546 (JG), 2007 U.S. Dist. LEXIS 63881, at *1 (E.D.N.Y. Aug. 29, 2007).

### C.     Lilly Has Not Shown That Indiana Would Be More Convenient Than New York.

Lilly has not met its burden to show that Indiana would be more convenient than this District for witnesses, document discovery, and the parties.

#### 1.     Witnesses

Contrary to Lilly's arguments, many potential key witnesses are not based in Indiana. Although many of Elanco's corporate functions and executive employees are based in Indiana, its sales force – the employees who communicate directly with veterinarians – are located throughout the country, including in New York. Luther Decl. ¶ 10. Similarly, veterinarians targeted by Elanco (including those who have ceased doing business with Bayer) are located throughout the country, including in New York. *Id.* ¶ 11. "[T]he convenience of [those] non-party witnesses is accorded more weight than that of party witnesses." *Atl. Recording*, 2009 U.S. Dist. LEXIS 45815, at *12 (first alteration in original) (quoting *ESPN*, 581 F. Supp. 2d at 547).

As for Bayer's likely witnesses, although several of them are based in Kansas at the animal health division's offices, at least one likely Kansas-based witness frequently travels to this District. In contrast, none of them regularly travel to Indiana. Luther Decl. ¶ 7. Bayer also has four employees based in New York who may testify about the impact of Elanco's misleading campaign on Bayer's sales. *Id.* ¶ 6. All of Bayer's likely witnesses are based outside Indiana. For these reasons, New York is a more convenient forum for Bayer's witnesses than Indiana. The fact that the reverse is true for Lilly does not warrant transfer. *Student Advantage*, 2000 U.S. Dist. LEXIS 13138, at *21 ("The Court cannot find that the convenience of the parties favors transfer where the transfer would merely shift any inconvenience from defendant to plaintiff.").

Lilly's assertion that the convenience of witnesses mandates transfer also fails because Lilly has not specifically identified the key witnesses who would be inconvenienced by Bayer's choice of forum.  "Vague generalizations and failure to clearly specify the key witnesses to be called, along with a statement concerning the nature of their testimony, are an insufficient basis upon which to grant a change of venue under § 1404(a)."  *Orb Factory, Ltd. v. Design Science Toys, Ltd.*, 6 F. Supp. 2d 203, 208-09 (S.D.N.Y. 1998) (transfer denied where movant asserted only that "most of its witnesses work and reside in" the forum to which it sought transfer without specifying the witnesses and the nature of their expected testimony).  Those are precisely the kinds of "generalizations" that Lilly has provided in this case:  it has asserted that "Elanco's management team works and resides in Indiana," as do "employees of Elanco who are familiar with Elanco's correspondence and communications with sales representatives, who develop Elanco's marketing materials, and who create mailing and communications to veterinarians," Graves Aff. ¶¶ 20, 22, but it has not provided a "specific list of the witnesses to be called," let alone an indication of the nature of their testimony.  *Orb Factory*, 6 F. Supp. 2d at 208-09; *see also Student Advantage*, 2000 U.S. Dist. LEXIS 13138, at *19; *NBA Props.*, 2000 U.S. Dist. LEXIS 3799, at *14.  Also too vague is Lilly's assertion that "[n]o Companion Animal Health District Managers or Field Technical Service employees work or reside in the State of New York," Graves Aff. ¶ 21, where Lilly has failed to indicate who these people are and where they work or reside.  These "vague generalizations" cannot support a transfer of venue.[4]

---

[4]   Lilly may not try to cure this failure by specifying witnesses for the first time in its reply papers.  *Gen. Electric Capital Corp. v. Titan Aviation, LLC*, No. 06 Civ. 4795 (LTS)(FM), 2007 U.S. Dist. LEXIS 3230, at *23-24 (S.D.N.Y. Jan. 16, 2007) (citing *Knipe v. Skinner*, 999 F.2d 708, 711 (2d Cir. 1993)); *Matera v. Native Eyewear, Inc.,* 355 F. Supp. 2d 680, 682-83, 687 (E.D.N.Y. 2005).  The time for Lilly to have provided the required information regarding its witnesses was with its moving papers.  It failed to do so.

Lastly, while courts in this District do consider the availability of process to compel witnesses to testify, compulsory process is "not a relevant consideration" for employees of a party, particularly where they have not been identified as trial witnesses. *TouchTunes*, 676 F. Supp. 2d at 176. "[E]mployees of the parties will as a practical matter be available in any venue by virtue of the employment relationship." *MAK Mktg., Inc. v. Kalapos*, 620 F. Supp. 2d 295, 310 (D. Conn. 2009) (quoting *Hawley v. Accor N. Am., Inc.*, 552 F. Supp. 2d 256, 260 (D. Conn. 2008)). This factor does not favor transfer either.

### 2. Documents

Although courts historically have considered the location of documents in ruling on transfer motions, in the "'era of electronic documents, easy copying and overnight shipping, this factor assumes much less importance than it did formerly.'" *Farberware Licensing Co. v. Meyer Mktg. Co.*, 09 Civ. 2570 (HB), 2009 U.S. Dist. LEXIS 40782, at *9 (S.D.N.Y. May 14, 2009) (quoting *ESPN*, 581 F. Supp. 2d at 548); *accord*, *Medisim*, 2010 U.S. Dist. LEXIS 67413, at *10; *MAK*, 620 F. Supp. 2d at 310. The parties in this case have already agreed to exchange documents in electronic format wherever practical. Further, third party documents likely will be located in many jurisdictions outside Indiana, including New York, and all of Bayer's documents are located outside of Indiana. This factor thus deserves little weight in the Court's analysis.

### 3. Parties

"The convenience of the parties is often connected to the convenience of their respective witnesses." *ESPN*, 581 F. Supp. 2d at 549-50. Indeed, Lilly bases its argument on this factor entirely on the convenience of Indiana for its witnesses. Lilly Mem. 7. As shown above, that factor does not favor transfer to Indiana.

11

Further, Lilly is a large, global company, with operations in numerous jurisdictions and ample means to litigate in this District. Luther Decl. ¶ 8 Ex. 1 (2010 Lilly Form 10-K), at 2-4. Lilly's reported revenue for 2010 was over $23 billion and its animal health business produced more than $1 billion in revenue in 2010. *Id.* ¶ 8 Ex. 1, at 21. Accordingly, Lilly does not – and cannot – argue that it lacks the means to ably litigate in this District. Lilly Mem. 10 n.4. Consequently, the parties' means is a neutral factor which does not support transfer.

        **D.**      **This Court Is Well Equipped to Handle This Case.**

Because Bayer has alleged false advertising claims under New York statutory and common law, this District is a more appropriate venue than the Southern District of Indiana. Although the Southern District of Indiana "is no doubt equally familiar with the Lanham Act, there can be little question that this Court has greater knowledge of New York law." *Student Advantage*, 2000 U.S. Dist. LEXIS 13138, at *24; *accord*, *Farberware*, 2009 U.S. Dist. LEXIS 40782, at *10-11; *NBA Props.*, 2000 U.S. Dist. LEXIS 3799, at *26. This Court's greater familiarity with governing state law thus favors denial of Lilly's motion to transfer.

Finally, the Court should reject Lilly's argument that transfer is appropriate because this Court's docket is congested. First, as a general matter, this factor carries little weight in the transfer analysis. "While the relative levels of docket congestion . . . may be considered, they are 'insufficient on [their] own to support a transfer motion.'" *Janbay v. Canadian Solar, Inc.*, 272 F.R.D. 113, 123 (S.D.N.Y. 2010) (alteration in original) (quoting *In re Connetics*, 06 Civ. 11496 (SWK), 2007 U.S. Dist. LEXIS 38480, at *30 (S.D.N.Y. May 23, 2007)).

Second, the mere fact that there may be more cases in this District does not automatically mean that transfer is appropriate. Rather, the key question is whether this difference in caseloads will result in inefficiency or detriment in disposition of the case. *See Janbay*, 272 F.R.D. at 124;

*Blue Bell, Inc. v. Jaymar-Ruby, Inc.*, 311 F. Supp. 942, 943 (S.D.N.Y. 1969). Lilly has failed to provide any evidence that such a difference would impair disposition of this case. To the contrary, as Lilly concedes, the difference in median time intervals from filing to disposition between this District and the Southern District of Indiana is 2.3 months. Lilly Mem. 11. This is not a meaningful difference and does not support transfer. *E.g.*, *Kelly v. MD Buyline, Inc.*, 2 F. Supp. 2d 420, 443 (S.D.N.Y. 1998) (two-month difference in disposition of cases did not warrant transfer); *Adams v. Key Tronic Corp.*, 94 Civ. 535 (MBM), 1996 U.S. Dist. LEXIS 12114, at *19-20 (S.D.N.Y. Aug. 14, 1996) (six-month difference in median disposition time did not support transfer); *Kvetan v. Employers Contract Servs. of Miami*, 95 Civ. 10135 (LAP), 1996 U.S. Dist. LEXIS 9298, at *22-23 (S.D.N.Y. July 3, 1996) (same). In fact, a difference of two months in disposition time between the two districts would likely be negated by the delay caused by the process of transferring the case. *See Kelly*, 2 F. Supp. 2d at 443 ("[T]he very process of transferring the case would in all likelihood entail added delays . . . ."); *Adams*, 1996 U.S. Dist. LEXIS 12114, at *19-20 (transfer likely to engender delay); *Kvetan*, 1996 U.S. Dist. LEXIS 9298, at *23-24 (same). This is yet another factor that favors denial of Lilly's motion to transfer.

## **Conclusion**

For the foregoing reasons, Lilly's motion to transfer venue should be denied, and Bayer's claims should go forward in this Court.

Dated: July 21, 2011
        New York, New York

Respectfully submitted,

DEBEVOISE & PLIMPTON LLP


By: /s/ David H. Bernstein
    David H. Bernstein (dhbernstein@debevoise.com)
    Michael Schaper (mschaper@debevoise.com)
    Christopher J. Hamilton (cjhamilton@debevoise.com)
    Stephanie Brannen (sbrannen@debevoise.com)
919 Third Avenue
New York, New York 10022
(212) 909-6696 (telephone)
(212) 521-7696 (facsimile)

*Attorneys for Plaintiff Bayer HealthCare LLC*